White *v.* Polhamus.

## New York Marine Court.

*Trial Term—February,* 1882.

## WHITE *v.* POLHAMUS.

The defendant, upon receiving his appointment as the attorney of a telegraph company, agreed that if the plaintiff, who is also an attorney, would assist him in the litigations pending against the company, he would by way of recompense divide the salary of the office. *Held,* that as between the parties the agreement was valid, and that it neither offends public policy nor good morals.

McADAM, J.—The defendant was appointed the attorney of a telegraph company, at the yearly salary of $3,000, payable monthly ; and, upon receiving his appointment, agreed that if the plaintiff, who is also an attorney, would assist him in the litigations pending

against the company he would, by way of recompense, divide the salary of the office. As between the parties, plaintiff and defendant, the agreement was valid ; it neither offends public policy nor good morals, and is practically a sub-contract of employment at $125 a month, or, in other words, it is an agreement for the division of labor and of pay; a mode not unfrequently adopted in large enterprises requiring the attention of more than one person. The sub-contract, like the original, was continuous in its nature, and remained in force until terminated by some express affirmative act of a positive character, amounting in law to a dismissal from the service ; and the onus of establishing a legal discharge was upon the defendant.

The present action is to recover the salary for January, 1875. The plaintiff performed services during that month, and there is no evidence proving a legal discharge prior to that time. The contention that the sub-contract terminated December 31, 1874, is not warranted by the proofs, construed in the light of all the circumstances. The claim that office expenses were to be deducted, and the net sum only divided, is not sustained by the acts of the parties, which place a different construction upon the agreement. Each party, it seems, paid his own office expenses and had other business. Upon the whole case as presented, the plaintiff is entitled to judgment for $125, with interest from February 1, 1875, and costs.

Judgment accordingly.

No appeal was taken.